(Decided February 28th, 1895.)

---

ROBERT POOLE *vs.* JAMES T. ANDERSON, Executor.

*Sale of Real Estate under a Testamentary Power.*

Where a testator devises his estate to his executors and trustee, who are different persons, giving them a right to sell, &c., the trustee should unite with the executor in exercising the power of sale.

Appeal from an order of the Orphans' Court of Baltimore City, overruling exceptions filed by the appellant to the ratification of a sale of real estate made by the appellee as executor of the will of Thomas D. Anderson.

The first and eighth clauses of the said will are as follows : 1st. "I give, devise and bequeath to my executors and trustees hereinafter named, and the survivor of them, and the heirs, executors and administrators of the survivor, all my estate, real, personal and mixed, wherever situated or being, with full power and authority to do whatever may be proper and necessary to the performance of the duties hereby imposed on them, either in effecting sales, executing and·acknowledging deeds, making compromises, granting releases or otherwise. In special trust and confidence, nevertheless, for the uses and purposes following, that is to say," &c.

8th. "And should it at any time become necessary or

expedient, in the opinion of my executors and trustees, or
the survivor of them, or those representing at the time the
trust hereby created, to change the investments authorized
in the second, third and fifth articles of my will, or to sell,
lease or otherwise dispose of, during her lifetime, at the in-
stance of my sister, Jane M. Anderson, my house and lot
on Druid Hill avenue, I hereby authorize my said executors
and trustees, and the survivor of them, to change such in-
vestments, or any of them, in their discretion, as well as to
make sale of the house and lot aforesaid, executing and
acknowledging all such conveyances as may be necessary ;
the proceeds of such sale to be held by said trustees for
the benefit of my said sister for life, and after her death to
fall into the residuum of my estate."

Under the will the same persons were both executors
and trustees, but, by a codicil, the Safe Deposit Co. was
appointed trustee, and it was declared that this should not
interfere with the appointment of the executors.   The sale
excepted to was made by the executor alone.  The Orphans'
Court, considering that under the will the rights and duties
of the executor and trustee were consecutive and not con-
current, overruled the exceptions and ratified the sale.

The cause was argued before ROBINSON, C. J., BRYAN,
MCSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Herbert B. Stimpson* and *Randolph Barton, Jr.*, for the ap-
pellant, cited: *Perry on Trusts*, secs. 294, 295, 766 ; *Chance.
on Powers*, sec. 603 ; *Latrobe* v. *Tiernan*, 2 Md. Ch. 474;
*Keplinger.* v. *Maccubbin*, 58 Md. 207 ; *Wykham* v. *Wykham*,
18 Ves. 413 ; *State* v. *Cheston*, 51 Md. 352 ; *Watkins* v.
*State*, 2 G. & J. 220 ; *Thomas* v. *Woods*, 1 Md. Ch. 304 ;
*Hanson* v. *Worthington*, 12 Md. 476 ; *Woerner's Law of
Admn.*, Vol. 2, sec. 339 ; *Bentham* v. *Wiltshire*, 4 Mad. 44 ;
*Magruder* v. *Peter*, 11 G. & J. 239.

*Thomas Ireland Elliott*, for the appellee, cited : *Keplinger*
v. *Maccubbin*, 58 Md. 203 ; *Warner* v. *Sprigg*, 62 Md. 15 ;

*Long* v. *Long*, 62 Md. 66; *Hoffman* v. *Hoffman*, 66 Md. 568.

FOWLER, J., delivered the opinion of the Court.

This is an appeal from the Orphans' Court of Baltimore City, and the only question presented is whether the sale of certain real estate already made and reported to that Court shall be ratified, or whether it shall be set aside and the property resold in order that the trustee under the will shall join the executors in executing the power of sale conferred by the will of the late Thomas D. Anderson of Baltimore City. The solution of this question depends entirely upon the construction of the will. If the doubt now suggested existed when the sale was made by the executor alone, it is to be regretted that the trustee under the will was not joined in executing the power of sale for the sake of avoiding the delay and expense of this litigation. But as the question is presented we must dispose of it, and we will do so briefly.

By the first clause of the will, and indeed generally wherever the testator gives authority or power to the executor over the real estate, he appears to have joined the trustee with the executor. Thus, in the first clause, " I give, devise and bequeath to my executors and trustees, &c., all my estate, real, personal, &c., with full power and authority to do whatever may be proper and necessary in the performance of the duties hereby imposed on them, either in effecting sales * * * or otherwise." And in the eighth clause, his " executors and trustees " are authorized to change investments, or to sell, lease or otherwise dispose of" * * * his house and lot on Druid Hill avenue. And likewise in the ninth clause, both the executors and trustees are authorized to execute and acknowledge such conveyances as may be necessary to change certain investments. It would seem, therefore, except for the ingenious suggestions as to what might have been the intention of the testator, that the plain and simple meaning

of the language used by him is that both the executors and trustees were to join in the sale.   And inasmuch as it is entirely immaterial, so far as the object of this proceeding is concerned, namely, the securing of a good title, which view shall be adopted, we prefer that which appears to us to be indicated by the language of the will.

We cannot assent to the view that the testator had no power to require the power of sale to be exercised jointly by the executors and trustees.   If such were his intention, "that intention, if not contrary to public policy," or in violation of any rule of law or statutory provision, must have full force and effect.   *Abell* v. *Abell,* 75 Md. 44.

Deeming it unnecessary to comment upon the authorities cited, and basing our conclusion altogether upon what we think appears to be the intention of the testator as disclosed in his will, the order appealed from will be reversed. Costs to be paid out of the proceeds of sale.

*Decree reversed and cause remanded.*

(Decided February 28th, 1895.)